IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PENNSYLVANIA,<br><br>           Plaintiff,<br><br>    vs.<br><br>AMERICAN EUROCOPTER CORP.; EADS NORTH AMERICA; EUROPEAN AERONAUTIC DEFENCE AND SPACE COMPANY EADS N.V.; JOHN DOES 1-100; JANE DOES 1-100; DOE PARTNERSHIPS 1-100; DOE CORPORATIONS 1-100; and DOE ENTITIES 1-100,<br><br>           Defendants.<br>_____ | CV. NO. 09-00136 DAE-LEK |

ORDER DENYING PLAINTIFF'S MOTION FOR CLARIFICATION
AND/OR RECONSIDERATION OF THE ORDER DENYING DEFENDANT
AMERICAN EUROCOPTER CORP.'S MOTION TO DISMISS
<u>AND TRANSFERRING CASE</u>

Pursuant to Local Rule 7.2(d), the Court finds this matter suitable for disposition without a hearing. After reviewing Plaintiff's motion and the supporting and opposing memoranda, the Court DENIES Plaintiff's Motion for Clarification and/or Reconsideration of the Order Denying Defendant American Eurocopter Corp.'s Motion to Dismiss and Transferring Case. (Doc. # 31.)

BACKGROUND

The parties are familiar with the facts of this case, and therefore the Court recites only those facts relevant to determination of the instant motion. On March 8, 2007, a helicopter piloted by William J. Sulak crashed at or near Princeville Airport, Kauai. (Doc. # 17 at 4.) Sulak and three others were killed. (Id. at 5.) Plaintiff National Union Fire Insurance Company is the insurer of Heli USA Airways, which was the owner and operator of the helicopter at the time of the accident. Plaintiff filed suit in the State of Hawaii Circuit Court of the Fifth Circuit against Defendant American Eurocopter Corp. ("AEC"), and others, on March 3, 2009. (Doc. # 1 Ex. A.) The case was subsequently removed to this Court on March 31, 2009.[1] (Doc. # 1.)

On April 22, 2009, AEC filed a motion to dismiss on the ground that the Court lacks personal jurisdiction over it in this case. (Doc. # 9.) In an order filed on August 26, 2009, the Court concluded that the Court lacked personal jurisdiction over AEC, but instead of dismissing the case in its entirety and in the interests of justice and equity, the Court transferred the case to the Northern District of Texas (the "August 2009 Order"). (Doc. # 29.)

---

[1] A separate lawsuit was brought against the same defendants by Sulak's surviving relatives, Case No. CV-09-00135 DAE-KSC, but was not consolidated with this action.

On September 10, 2009, Plaintiff filed its Motion for Clarification and/or Reconsideration of the Court's August 2009 Order. (Doc. # 31.) In its motion, Plaintiff argues that the Order: (1) is inconsistent on its face because the order denied the motion to dismiss but transferred the case to the Northern District of Texas; (2) reflects manifest error in finding Plaintiff would not be prejudiced by the denial of leave to conduct discovery; and (3) reflects manifest error in finding an absence of necessary contacts for the exercise of personal jurisdiction.

On September 23, 2009, AEC filed its Opposition. (Doc. # 32.) On October 2, 2009, Plaintiff filed its Reply. (Doc. # 33.)

## STANDARD OF REVIEW

The disposition of a motion for reconsideration is within the discretion of the district court. Lolli v. County of Orange, 351 F.3d 410, 411 (9th Cir. 2003); Plotkin v. Pac. Tel. & Tel. Co., 688 F.2d 1291, 1292 (9th Cir. 1982). This rule derives from the compelling interest in the finality of judgments, which should not be lightly disregarded. Rodgers v. Watt, 722 F.2d 456, 459 (9th Cir. 1983); Carnell v. Grimm, 872 F. Supp. 746, 758 (D. Haw. 1994).

The Ninth Circuit requires a successful motion for reconsideration to furnish both a reason why the court should reconsider its prior decision, as well as facts or law of a strongly convincing nature to induce the court to reverse its prior

decision.  Carnell, 872 F. Supp. at 758.  Mere disagreement with a previous order is an insufficient basis for reconsideration, and reconsideration may not be based on evidence and legal arguments that could have been presented at the time of the challenged decision.  See Haw. Stevedores, Inc. v. HT & T Co., 363 F. Supp. 2d 1253, 1269 (D. Haw. 2005).  Three predominant grounds justify reconsideration: "(1) an intervening change in controlling law; (2) the availability of new evidence; (3) the need to correct clear error or prevent manifest injustice."  Decker Coal Co. v. Hartman, 706 F. Supp. 745, 750 (D. Mont. 1988); see also Carnell, 872 F. Supp. at 758-59.

Motions for reconsideration may be brought pursuant to Federal Rules of Civil Procedure 59(e) or 60(b).  A motion for reconsideration under Rule 59(e) should not be granted, absent highly unusual circumstances, unless the district court: (1) is presented with newly discovered evidence; (2) has committed clear error; or (3) if there is an intervening change in the controlling law.  389 Orange Street Partners v. Arnold, 179 F.3d 656, 665 (9th Cir. 1999) (citation omitted).  In addition, a Rule 59(e) motion for reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation."  Kona Enterprises, Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000) (citation omitted).

Fed. R. Civ. P. 60(b) also provides that the court may grant relief from judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> . . .
>
> (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;
> . . .
>
> (6) any other reason justifying relief from the operation of the judgment.

The District of Hawaii has implemented the federal standards in Local Rule 60.1, which explicitly mandates that reconsideration only be granted upon discovery of new material facts not previously available, the occurrence of an intervening change in law, or proof of manifest error of law or fact. Reliance Ins. Co. v. Doctors Co., 299 F. Supp. 2d 1131, 1153 (D. Haw. 2003). The movant's basis for reconsideration, whether in law or fact, must be "strongly convincing" to induce the court to reverse its prior decision. Id.

## DISCUSSION

I.    Clarification on the Title of the August 2009 Order

The Court's August 2009 Order (1) denied AEC's motion to dismiss, and (2) transferred the case to the Northern District of Texas. The Court found that

it could not exercise personal jurisdiction over AEC, but instead of dismissing the case outright, transferred the case to the Northern District of Texas where jurisdiction would lie in the interest of justice and equity.  (August 2009 Order at 18.)  To <u>grant</u> AEC's motion to dismiss based on personal jurisdiction would be to terminate the case and enter judgment in favor of AEC -- the Court would have no authority to then transfer venue.

It is perplexing to this Court why Plaintiff would take issue with the Court's decision to <u>not</u> dismiss Plaintiff's claim in its entirety.  Moreover, Plaintiff had itself requested that this Court transfer the case to the Northern District of Texas in the event this Court did find a lack of personal jurisdiction.  (Pl.'s July 2009 Opp'n at 26.)

II.     <u>Absence of Personal Jurisdiction</u>

Plaintiff fails to demonstrate manifest error of law or fact, or availability of new evidence, to prevail on its motion for reconsideration.  Plaintiff relies largely on arguments made many times before in its original opposition to the motion to dismiss and at the hearing on these matters.

A.     <u>General Jurisdiction</u>

A motion for reconsideration is not a second opportunity for Plaintiff to make the same arguments – Plaintiff must demonstrate that this court made a

manifest error of law or fact in its original order. In its motion for reconsideration, however, Plaintiff sets out largely the same argument in favor of general jurisdiction. The Court already evaluated AEC's helicopter sales to Hawaii, presence of a service center, press releases, websites, training and purported technical support.[2] (August 2009 Order at 10-14.) Plaintiff reiterates the types of information it hopes to find with discovery. But repetition of the same arguments does not meet the actual burden upon Plaintiff in a motion for reconsideration. See Backlund v. Barnhard, 778 F.2d 1386, 1388 (9th Cir. 1985) (affirming district court's denial of motion for reconsideration because it presented no arguments not already raised ); San Luis & Delta-Mendota Water Auth. v. U.S. Dep't Interior, 624 F. Supp. 2d. 1197 (E.D. Cal. 2009). The Court concluded that these contacts did not give rise to general jurisdiction, and Plaintiff will not prevail on a motion for reconsideration merely because Plaintiff disagrees with this Court's conclusion.

---

[2] Plaintiff misconstrues this Court's August 2009 Order and quotes this Court out of context. Plaintiff states that the Court relied on the fact that the helicopters sold to various Hawaii companies were a different model than the helicopter in the crash. To the contrary, the Court simply listed these helicopters in context of describing AEC's overall contacts with Hawaii and as evidence of AEC's commercial relationship with various Hawaii companies. In one paragraph, the Court summarized certain Hawaii companies that AEC does business with and listed the type of helicopters those companies operated.

Contrary to Plaintiff's assumption advocated in its motion for reconsideration, the Court did not consider AEC's contacts in isolation when the Court concluded that there was no general jurisdiction. It is true that, for the sake of clarity, the Court discussed Plaintiff's purported forum contacts one-by-one in separate paragraphs. The Court did evaluate whether any factor would be sufficient, but also evaluated the factors as a whole. The Court did not intend to, and indeed did not, isolate each alleged forum contact. The Court concluded at the end of its analysis section, after evaluating all the evidence recounted in the preceding paragraphs, that the alleged forum contacts did not rise to the high level required for general jurisdiction. Considering the contacts as a whole, the Court applied U.S. Supreme Court and Ninth Circuit case law to reach its conclusion. (August 2009 Order at 10-14.)

   The Court also did not, as Plaintiff's motion implies, set an arbitrary percentage of helicopter sales that must be reached before general jurisdiction may be found. Plaintiff argues that this Court misconstrued <u>Helicopteros Nacionales de Colombia v. Hall</u>, 466 U.S. 408 (1984), when commenting that fewer of AEC's helicopters are operated in Hawaii than as was the case in <u>Helicopteros</u>. (Mot. at 30-31.) The Court cited to <u>Helicopteros</u> and <u>Shute v. Carnival Cruise Lines</u>, 897 F.2d 377 (9th Cir. 1990), to provide context to AEC's contacts with Hawaii.

(August 2009 Order at 12.)  Although no clear statistical line has been set, AEC's relatively low percentage (less than 3 percent) can be one consideration of many in this Court's analysis of general jurisdiction.

The Court also rejects Plaintiff's use of various legal precedents, most of which are interpreted incorrectly.  For instance, Plaintiff cites to Taubler v. Giraud, 655 F.2d 991 (9th Cir. 1981), in support of its general jurisdiction argument, but that case is clearly premised on analysis of specific (or "limited") jurisdiction.  Id. at 993-94.  The Ninth Circuit expressly states that "Taubler does not argue that the Giraud's contacts with California are so significant as to justify general jurisdiction over them for all actions." Id. at 993.  The Ninth Circuit then proceeds with a specific jurisdiction analysis.  Plaintiff therefore either entirely misreads the law and confuses analysis of general jurisdiction with that of specific jurisdiction, or is blatantly attempting to mislead this Court.  The same is true for Plaintiff's use of Plant Food Co-op v. Wolfkill Feed & Fertilizer Corp, 633 F.2d 155, 158-59 (9th Cir. 1980), United States v. Toyota Motor Corp., 561 F. Supp. 354, 359 (C.D. Cal. 1983), Hedrick v. Daiko Shoji Co., 715 F.2d 1355, 1358 (9th Cir. 1983), Pacific Fisheries Corp. v. Power Transmission Products, Inc., 2000 U.S. Dist. LEXIS 20612, *12-16 (D. Haw., Oct. 17, 2000), and Rudolph v.

Topsider Bldg. Sys., 2007 U.S. Dist. LEXIS 53621, *7-11 (D. Haw., July 24, 2007).  (Mot. at 8, 25-27.)

Moreover, a party may not present evidence for the first time in a motion for reconsideration when that evidence was earlier available.  See Trentacosta v. Frontier Pac. Aircraft Indus., Inc., 813 F.2d 1553, 1557 n.4 (9th Cir. 1987) (upholding district court's denial of motion for reconsideration when party attempted to rely on new affidavits without offering excuse for why they were not presented during hearing on motion to dismiss).  Plaintiff attempts to present "new" pieces of evidence, but does not demonstrate that any were not previously available to it.

Plaintiff may not now rely on a new declaration by David Lok, Director of Maintenance of Heli USA Airways, which states that AEC sent manuals and publications to Kauai for maintenance of the Princeville helicopters. (Lok Mot. Decl. ¶ 4.)  Plaintiff inserts this declaration into its motion for reconsideration without any explanation as to why Plaintiff could not have presented this evidence earlier.  Plaintiff is the insurer of Heli USA Airways; it is unclear to this Court why Plaintiff could not have obtained the declaration of the Director of Maintenance of Heli USA Airways sooner, and Plaintiff makes no argument to justify why this Court should consider the evidence.

Plaintiff also attaches "new" evidence in the form of invoices of replacement parts shipped by AEC to Heli USA. (Mot. Ex. A, B, C.) These invoices are all dated 2002. There are several reasons why these invoices cannot be considered at this time. For one, Plaintiff again does not explain why Plaintiff produces these invoices now in its motion for reconsideration but did not in its original opposition to the motion to dismiss. The invoices are on file with Heli USA, for which Plaintiff is an insurer. Surely these invoices could have been obtained from Heli USA and presented to this Court sooner. See Kona Enterprises, Inc., 229 F.3d at 890 (stating that a motion for reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation"). A movant is required to show that it could not have, with reasonable diligence, presented this evidence to the Court at the hearing. Furthermore, these invoices date from 2002, five years prior to the accident. These three invoices from five years prior to the accident do little to demonstrate contacts with Hawaii so pervasive as to give rise to general jurisdiction.

Plaintiff merely reiterates its same arguments in favor of general jurisdiction, seeks to now add evidence inadmissible in a motion for reconsideration, presents incorrect interpretations of case law, and misconstrues

11

this Court's language in its August 2009 Order. Accordingly, the Court will not alter its conclusion as to general jurisdiction.

    B.    <u>Specific Jurisdiction</u>

In Plaintiff's opposition to the motion to dismiss, Plaintiff stated that this Court may exercise specific jurisdiction "based on AEC's involvement in the <u>post-sale maintenance</u> of its helicopters and its <u>failure to warn</u> Heli USA of defects in the helicopter and/or its component parts." (Pl.'s July 2009 Opp'n at 18.) Plaintiff's entire case for finding specific jurisdiction was premised on AEC's alleged post-sale maintenance and AEC's alleged failure to warn. Plaintiff originally argued that "AEC's involvement in the <u>maintenance of the subject helicopter</u> after its sale <u>provides the basis for finding purposeful availment</u>."

Now, in Plaintiff's motion for reconsideration, Plaintiff proffers new legal arguments, that could have been made in Plaintiff's Opposition to AEC's motion to dismiss. Plaintiff now argues for purposeful availment on the basis of AEC's "<u>sales of helicopters</u> to Hawaii residents and by providing technical bulletins and technical support for the helicopters." (Mot. at 32.) Plaintiff avers that AEC "has now realized millions of dollars of revenues and profits from its Hawaii sales." (<u>Id.</u>) Such new justifications that could have been, but were not, the subject of Plaintiff's arguments for specific jurisdiction cannot be properly

12

addressed by the Court on the motion for reconsideration.  See White v. Sabatino, 424 F. Supp. 2d 1271, 1276 (D. Haw. 2006).

Plaintiff next asserts that AEC's failure to warn and failure to provide technical support was a "but for cause" of the accident.  (Mot. at 32-34.) According to Plaintiff, this Court erred by not discussing the "but for" element of the three-part specific jurisdiction test.  Plaintiff misstates the law.  To find specific jurisdiction, all three of the following requirements must be met:  (1) the defendant must purposefully avail his activities to the forum; (2) the claim must arise out of or relate to the defendant's forum activities; and (3) exercising jurisdiction must comport with fair play and substantial justice.  Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd, 328 F.3d 1122, 1129 (9th Cir. 2003).  This is not a sliding scale test – all three factors must be met.  See id.  This Court concluded that Plaintiff failed to meet the first prong, i.e., whether AEC purposefully availed itself of the forum state by virtue of its alleged failure to warn or to conduct post-sale maintenance.  The Court considered both of these theories and found in favor of AEC.  Therefore, Plaintiff's emphasis on a different prong of the test does not refute the Court's original conclusion that Plaintiff failed to meet the purposeful availment prong of the test.  (August 2009 Order at 15-18.)  The Court need not go further, and therefore Plaintiff has not demonstrated a manifest error of law.

13

III.   Discovery Request

As this Court explained in its August 2009 Order, under Ninth Circuit law, a "district court is vested with broad discretion to permit or deny discovery, and a decision 'to deny discovery will not be disturbed except upon the clearest showing that the denial of discovery results in actual and substantial prejudice to the complaining litigant.'" Laub v. U.S. Dept. of Interior, 342 F.3d 1080, 1093 (quoting Hallett v. Morgan, 287 F.3d 1193, 1212 (9th Cir. 2002)).  Furthermore, prejudice is established "if there is a reasonable probability that the outcome would have been different had discovery been allowed." Id.  Plaintiff is correct in noting that discovery should be granted when more facts are needed, but it is also true that a refusal to grant discovery is not an abuse of discretion when further discovery would not demonstrate facts that would be a basis for jurisdiction. Id.  In this case, the facts relating to jurisdiction are apparent on their face, and Plaintiff due to its relationship with AEC is in possession of information.

Plaintiff has not met its burden to demonstrate that this Court made a manifest error of law or fact when the Court denied Plaintiff's request for additional discovery.  The Court concluded in its August 2009 Order, and does again now, that the information that Plaintiff stated it would seek to obtain, even if obtained, would not be a basis for either general or specific jurisdiction.

14

First, despite Plaintiff's attempt to interpret Ninth Circuit precedent in its favor, the Court does have discretion to grant or deny additional discovery. The fact that Plaintiff wishes the Court reached a different conclusion does not demonstrate that this Court made a manifest error of law or fact.

Second, the Court was unpersuaded by Plaintiff's arguments in its briefing or at the hearing that additional discovery would be productive. Plaintiff does not now propose that it will seek wholly new evidence that was previously not considered by the Court. To the contrary, the type of evidence Plaintiff proposes to uncover in discovery is the same type of evidence Plaintiff proposed to the Court in its original opposition to the motion to dismiss, including employee contacts, sales, profits, advertising, and service. To show prejudice, there must be a reasonable probability that this Court's decision as to personal jurisdiction would have been different. Plaintiff does <u>not</u> show prejudice when Plaintiff merely argues that the result (Plaintiff's inability to proceed in this forum) is not Plaintiff's preference.

Third, Plaintiff proposed to engage in discovery on issues that the Court concluded as a matter of law would fail to demonstrate personal jurisdiction. There was not a reasonable likelihood that the outcome would have been different had Plaintiff been granted additional time. For instance, Plaintiff sought additional

information as to AEC's acknowledged commercial interactions with various Hawaii companies, however, engaging in commerce with Hawaii companies is not enough to demonstrate general jurisdiction. See Bancroft & Masters, Inc. v. Augusta Nat'l, Inc., 223 F.3d 1082 (9th Cir. 2000). (August 2009 Order at 10-11.) Plaintiff's proposed discovery is unlikely to uncover any connections equivalent to the physical presence of AEC in Hawaii. See Tuazon v. R.J. Reynolds Tobacco Co., 433 F.3d 1163, 1169 (9th Cir. 2006). Plaintiff also sought additional information as to AEC's failure to warn or failure to provide technical support, but the Court had determined as a matter of law that those particular failures to act did not constitute purposeful availment in the forum state. As such, further discovery would not have been reasonably probable to change the outcome.

Plaintiff then argues that AEC has created a "false impression" and has not disclosed the full extent of its business activities. (Mot. at 5.) In Plaintiff's original opposition, Plaintiff did not present persuasive evidence that AEC was misleading the Court in its papers. Now, Plaintiff does not give previously unavailable evidence to prove its point to the Court. Plaintiff also appears to be shifting the burden to AEC to prove a lack of personal jurisdiction. It is Plaintiff's burden to show a presence of personal jurisdiction. There was not "vast amount of evidence" of AEC's contacts with Hawaii, as Plaintiff avers.

16

Moreover, Plaintiff's final argument that Plaintiff "may be faced with the dismissal of its claim" in Texas is unavailing. (Mot. at 6.) First and foremost, any prediction about what the federal district court in Texas will do is pure speculation. Second, the fact that Plaintiff "may seek to name an additional defendant" does not cure a lack of personal jurisdiction over existing defendants. Third, Plaintiff's arguments that an additional party, AE LLC, might be added as a party and then might move to dismiss Plaintiff's claim is pure speculation and irrelevant to this Court's August 2009 Order which was filed before AE LLC was a party. Fourth, Plaintiff itself had requested that, in the alternative, the Court transfer the case to the Northern District of Texas. It is astounding to this Court that after the Court obliged Plaintiff's request to transfer, Plaintiff is now using this transfer as a basis for its motion for reconsideration. Finally, it should be noted that Plaintiff is not a small Hawaii company but rather an insurance

company headquartered on the mainland United States.  Litigating in a federal court in Texas will not pose an undue hardship on Plaintiff.

Accordingly, Plaintiff's motion is DENIED.

## CONCLUSION

For the reasons stated above, the Court DENIES Plaintiff's Motion for Clarification and/or Reconsideration of the Order Denying Defendant American Eurocopter Corp.'s Motion to Dismiss and Transferring Case.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, October 26, 2009.



David Alan Ezra
United States District Judge

Nat'l Union Fire Ins. Co. v. Am. Eurocopter Corp. et al., CV No. 09-00136 DAE-LEK; ORDER DENYING PLAINTIFF'S MOTION FOR CLARIFICATION AND/OR RECONSIDERATION OF THE ORDER DENYING DEFENDANT AMERICAN EUROCOPTER CORP.'S MOTION TO DISMISS AND TRANSFERRING CASE